# CHARLESTON

## LOHR *et al* v. WOLFE.

### Submitted June 6, 1912. Decided January 14, 1913.

1. TRESPASS—*Pleading—Description of Premises.*
   In an action for trespass on land, not involving title, it is only necessary to describe the land with sufficient accuracy to give defendant notice and enable him to properly plead to the action. (p. 627).

2. PLEADING—*Unnecessary Facts—Surplusage.*
   If other facts not necessary to maintain the action or defense be alleged, such facts may be treated as surplusage and need not be proven. (p. 628).

3. TRESPASS—*Identity of Premises—Evidence.*
   A case in which the facts proven entitled plaintiff to a submission thereof to the jury on the issues joined, and in which it was error to strike out the evidence and direct a verdict for defendant. (p. 628).

Error to Circuit Court, Barbour County.

Action by C. E. Lohr and others against S. L. Wolfe. Judgment for defendant, and plaintiffs bring error.

*Reversed.*

*Blue & Dayton,* for plaintiffs in error.

*J. Hop Woods* and *Wm. T. George,* for defendant in error.

MILLER, JUDGE:

In an action for trespass upon land, not involving title, the court below, on motion, struck out plaintiffs' evidence, directed a verdict for defendant, and pronounced the judgment of *nil capial,* to which the present writ of error applies.

The ground of the court's action, as disclosed by the record, was that, as plaintiffs in their declaration had described the land as a tract in Cove District, Barbour County, containing 16 acres and 60 poles and known as the James Q. Colebank Tract, and also by reference to the deed, as a tract calling for 11 31-160 acres, and also by distinct metes and bounds giving courses and distances, they were bound, as a condition of recovery, to locate the land on the ground by the metes and bounds called for substantially as alleged, which the court was of opinion had not been done. The two descriptive boundaries in the deed referred to are substantially the same, but the first calls for 16 acres and 60 poles, the other 11 31-160 acres. It was conceded by the court below that in an action like this it is wholly unnecessary to describe the land with the accuracy and particularity observed in this case, but only so as to give defendant notice of its locality and to enable him to properly plead to the action; but it is contended that having gone beyond the actual requirements and in addition undertaken to describe the land by different and distinct courses and distances, plaintiffs were bound to locate the land on the ground by reference to those courses and distances as alleged.

The proposition which the court below conceded is fully supported by prior decisions of this and other courts. *Railway Co.* v. *Railway Co.,* 47 W. Va. 726, (syl. 4) ; *Goodwin* v. *Jack,* 62 Me. 414. And it is equally well settled that facts not necessary to maintain the action or defense need not be alleged, and if alleged will be treated as surplusage and need not be proven. *Wilson* v. *Phoenix Powder Mfg. Co.,* 40 W. Va. 413, (syl. 2) ; Hogg's Pleading and Forms, section 137; 31 Cyc. 68, 69-70, 675, 676. An action *quare clausum fregit* is not a controversy concerning title or boundary to land. *Dickinson* v. *Mankin,* 61 W. Va. 429.

But it is attempted to support the judgment below on the

theory that neither court nor jury could have determined, upon the evidence, which of the several tracts of land described in the contract and deed relied on was the one on which the trespass was committed. There is nothing of merit in this proposition. The land on which the trespass is alleged to have been committed was one of the tracts called for in the deed, for which two descriptions are given, substantially the same, except that in the one 16 acres and 60 poles are called for, in the other 11 31-160 acres. Besides it was fully proven that this tract is the same as that recovered by Isaac J. Lohr, plaintiffs' grantor, in a suit by him against William T. George and others, heard in this court on appeal, and as shown by the record of that cause adduced in evidence, and the same which by substantially the same metes and bounds was conveyed by the Clerk of the County Court of Barbour County to S. L. Reger, Trustee, assignee of W. T. George, the purchaser thereof at a sale of forfeited and delinquent lands, and according to the report of the surveyor who surveyed the same land at the instance of said George. There is no lack of proof of the identity of the land.

The judgment below is reversed and the plaintiff awarded a new trial.

*Reversed.*