JANE JONES, Defendant in Error, *vs.* THE SANITARY DISTRICT OF CHICAGO, Plaintiff in Error.

*Opinion filed October 16, 1914.*

1. SANITARY DISTRICTS—*liability of Sanitary District of Chicago does not depend upon wrongful purpose or negligent conduct.* Under the statute the liability of the Sanitary District of Chicago for all damages that may result to any land owner by reason of turning the water from said district into the Illinois river does not depend upon any wrongful purpose or negligent conduct on the part of the district.

2. PLEADING—*when words "wrongful and negligent" are surplusage.* In an action against the Sanitary District of Chicago by a land owner to recover, under the statute, for damages to her land from overflow, the words "wrongful and negligent," used in certain counts of the declaration as characterizing the acts of the district, are surplusage, and do not affect the sufficiency of the counts nor require proof of wrongful and negligent acts in order to prevent a variance.

3. APPEALS AND ERRORS—*when judgment will not be reversed because of defective or unproved counts.* If there be one good count in the declaration and sufficient proof to support it, the Supreme Court will not reverse the judgment·merely because there are other counts in the declaration which are either defective or unsupported by proof.

4. SAME—*when a party cannot complain of error in admitting evidence.* A party cannot, on appeal, complain of an error in admitting evidence which has been committed against him where it appears that a like error has been committed in his favor.

5. SAME—*rule as to reversal due to amount of damages.* A judgment in an action for damages to land will not be reversed by the Supreme Court because of the amount of damages awarded by the jury unless the verdict is so high or so low as to indicate the jury must have been influenced by prejudice, passion or favor.

6. INSTRUCTIONS—*when refusal of instruction is not reversible error.* In an action for damages to land from overflow it is not reversible error to refuse an instruction containing the correct legal proposition that the defendant is not liable for damages if the overflow was not caused by some act or omission on its part but was due to other causes with which defendant had no connection, where there are other instructions given which embody substantially the same proposition.

WRIT OF ERROR to the Circuit Court of Woodford county; the Hon. T. M. HARRIS, Judge, presiding.

EDMUND D. ADCOCK, and FRANK J. QUINN, (WALTER E. BEEBE, and SHELTON F. McGRATH, of counsel,) for plaintiff in error.

BARNES & MAGOON, (THOMAS KENNEDY, of counsel,) for defendant in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is a writ of error directed to the circuit court of Woodford county. By it a judgment for $5480.50 against the Sanitary District of Chicago is brought up for review.

By her declaration defendant in error alleged that the sanitary district had damaged her farm by inundating it with the waters from the sanitary district channel. The declaration originally consisted of twelve counts. All of the counts were withdrawn except the first, second, fourth, fifth and eighth. At the close of all the evidence plaintiff in error made a motion to direct a verdict of not guilty as to each of the remaining counts, and this motion was overruled. An exception to this ruling was preserved, and it is urged that the court erred in refusing to direct a verdict of not guilty. The specific grounds relied upon in

support of this assignment of error are, that certain material allegations of each count were not proven, and that there is a variance between the several counts of the declaration and the evidence relied upon to sustain them. In some of the counts upon which the case went to the jury it was alleged that plaintiff in error "wrongfully, unjustly and negligently obstructed, raised and elevated, or caused to be obstructed, raised and elevated, the waters of the Illinois river, and wrongfully and unjustly and negligently turned into, and caused to be turned into, said Illinois river, through the Desplaines river," large quantities of water which in a state of nature would not have come there, and that thereby the waters of the Illinois river were caused to back out upon the lands of defendant in error, etc. It is urged that in order to sustain counts containing the words above quoted it was necessary to prove that the acts of plaintiff in error causing the damage were wrongfully and negligently performed. It is contended that since all of the actions of the sanitary district were had under a valid statute its action could not be wrongful, and that there is no proof that there was any negligence, either in the construction or operation of the sanitary district channel. This contention cannot be sustained. Defendant in error bases her right to recover upon the statute under which plaintiff in error was organized. The statute creates liability against the district for all damages that may result to any land owner by reason of turning the water from said district into the Illinois river. The liability does not depend upon any wrongful purpose or negligent conduct on the part of plaintiff in error. The allegation that the action of plaintiff in error was wrongful and negligent is surplusage. The substance of the charge in each count of the declaration is, that plaintiff in error turned a large quantity of water from Lake Michigan into the artificial channel constructed by the sanitary district and caused the same to flow into the Illinois river, thereby causing the waters of the Illinois river

to overflow, submerge and render wet and useless the lands of the defendant in error. Each of the counts stated a good cause of action, in substance, under the statute, and the introduction of the immaterial and unnecessary words, "wrongful and negligent," did not affect the sufficiency of the counts, nor did a failure to prove that the acts of plaintiff in error were wrongfully and negligently performed constitute a variance. In further answer to this alleged error it may be said that this objection does not apply to all of the counts of the declaration. Defendant in error was within the rules of good pleading in stating the cause of action in different language in the several counts of her declaration, and she was not bound to prove each count of the declaration in order to entitle her to a verdict. If there be one good count in the declaration and sufficient proof to support it, this court would not reverse the judgment merely because there were other counts in the declaration which were either defective or unsupported by proof. (*Scott* v. *Parlin & Orendorff Co.* 245 Ill. 460; *Grannon* v. *Donk Bros. Coal Co.* 259 id. 350; *Humason* v. *Michigan Central Railroad Co.* 259 id. 462.) There was no error in refusing to direct the verdict of not guilty.

Plaintiff in error next contends that the court erred in admitting proof of a difference in the condition of farm lands in the Illinois river bottom before and after the water was turned into the Illinois river from the sanitary district. Evidence was received, over objection of plaintiff in error, that the tendency had been to increase the overflows from the Illinois river since 1900, and that lands which before that time were above high-water mark were inundated and damaged; also, proof was received that the creeks tributary to the Illinois river had filled up at the mouths with sand, rubbish and silt as a result of the dead water from the Illinois river backing up into the creeks for a greater distance than before the waters of the sanitary district were turned in. As a result of the filling up of the creeks near

the river the head waters flowing down the creeks were obstructed and dammed up and were thus backed up and spread out over adjacent lands. This condition was shown to exist in regard to a creek which ran through the lands involved in this suit, and the evidence objected to tended to show that the same condition existed in other creeks which flow into the Illinois river below the mouth of the sanitary district channel.

Plaintiff in error insists that it was error to receive evidence in regard to the effect of turning the waters of the sanitary district into the Illinois river upon any lands other than those of defendant in error. Plaintiff in error sought to account for the higher stages of the Illinois river by reason of the organization of drainage districts in the Illinois river bottom and the construction of levees both above and below the lands of defendant in error, and in attempting to establish its contention in this regard plaintiff in error saw proper to extend the scope of inquiry over the entire length of the Illinois river and some of its tributaries in the State of Illinois. Numerous witnesses were introduced to describe the nature and extent of the local improvements made by different drainage districts and numerous photographs were introduced showing various conditions that had been found to exist at different places on the Illinois river. Having thus gone into a general inquiry in regard to conditions that have been found to exist at numerous points up and down the Illinois river, plaintiff in error is in no position to complain that defendant in error was also permitted to introduce evidence of a similar character tending to show the general condition as it existed before and after the turning in of the sanitary district water, of the lands in the Illinois river valley. A party cannot complain of an error committed against him when a like error appears to have been committed in his favor. *Niagara Fire Ins. Co.* v. *Bishop,* 154 Ill. 9; *Chicago, Burlington and Quincy Railroad Co.* v. *Murowski,* 179 id. 77;

*Kuhn* v. *Eppstein,* 239 id. 555; *Wetzel* v. *Firebaugh,* 251 id. 190.

Plaintiff in error complains that the damages are excessive, and that the verdict is, in its amount, against the clear weight of the evidence. The testimony upon the question of damages is quite voluminous. The abstract contains about 450 pages and is largely made up of the testimony given on both sides upon the question of damages. As is usually the case in the trial of an issue of this character, the witnesses differ widely both in regard to the value of the land prior to 1900 and subsequent to that date. Counsel upon both sides have devoted much space in their respective briefs to a discussion of the evidence bearing upon the question of damages. We have carefully considered that question in the light of the evidence and the discussion in the briefs and have reached the conclusion that the verdict is not excessive. The testimony of many of the witnesses would have warranted a much larger amount, but, taking the evidence altogether, we are inclined to the opinion that the verdict is in accord with its fair weight. The rule that applies to questions of this kind is, that this court will not reverse a judgment solely because we may differ from the jury in our opinion as to the proper amount of damages. It is only in cases where the verdict is so high or so low as to indicate that the jury must have been influenced by some prejudice, passion or favor that this court will reverse the judgment because of the amount of damages. *City of Joliet* v. *Weston,* 123 Ill. 641; *Harney* v. *Sanitary District,* 260 id. 54.

Plaintiff in error offered, and the court refused to give, the following instruction:

"You are instructed that the defendant is liable in damages only for the lessening, if any, in the fair cash market value of the land described in the plaintiff's declaration as such value existed just before January 17, 1900, before the water of the defendant was turned into the Illinois river,

due to causes for which said defendant is responsible, and if you find, from the greater weight of the evidence, that the channel through which the waters of the Illinois river flow has been reduced in size below the land of the plaintiff by artificial means since January 17, 1900, by acts other than those of the defendant, and that such reduction in the capacity of the said channel of the Illinois river has retarded the flow of said river and caused the water of said river to flow upon and remain longer upon the lands of the plaintiff in the spring and summer months than would have occurred had it not been for such restriction in capacity of said channel, then, as to any depreciation in the fair cash market value of such lands resulting from such restriction, if any such you find from the greater weight of the evidence, you will find the defendant not guilty."

The action of the court in refusing to give this instruction is relied on as reversible error. As has already been stated, plaintiff in error sought to relieve itself from responsibility by contending that the increase in the water level of the Illinois river was due wholly or in part to works of reclamation made by drainage districts, and witnesses were introduced who testified that the effect of building levees below the land in controversy would tend to confine the waters within the bed of the river and cause a higher stage of water than had ever been known before such levees were constructed. The instruction complained of, while it may be open to some criticism in substance, states a correct legal proposition. The rule which is stated in the instruction, that no one is liable for injuries to another which are not proximately due to some act or omission of the party charged, is too well known to require either argument or authorities to support it. But we are of the opinion that the refusal of this instruction is not reversible error in view of other instructions which were given. By the second instruction given for plaintiff in error the jury are informed that defendant in error cannot

recover for any speculative damages, and that before she can recover at all she must establish, by a preponderance of the evidence, "that she has been damaged by causes under the control of the defendant," as charged in her declaration. Again, in the fourth instruction the jury are advised that the defendant in error can only recover "by reason of the acts of the defendant or from causes under its control." The fifth, sixth, seventh, eighth, fifteenth and sixteenth instructions given on behalf of plaintiff in error all contain language which limit the jury to the assessment of damages for acts of plaintiff in error alone. In view of the numerous instructions given in which the jury were directed only to assess damages for the acts of plaintiff in error, we cannot see how it is possible that any injury resulted from the refusal of the court to re-announce the same principle in another instruction.

Plaintiff in error complains of numerous rulings of the court in the admission and exclusion of testimony bearing upon the amount of damages to be assessed. These complaints, in the main, relate to the basis upon which the different witnesses estimated the amount of depreciation in the lands in controversy. We find no substantial or prejudicial error in the rulings of the court in this regard. This suit was commenced in 1905. It has been pending and undetermined since that time. The record was filed in this court in March of this year. The delay in getting the case to a final judgment in the trial court is certainly very extraordinary and unreasonable.

Finding no substantial error in this record the judgment of the circuit court of Woodford county is affirmed.

*Judgment affirmed.*