# CHARLESTON.

## LAWRENCE'S ADM'R. v. HYDE.

Submitted February 15, 1916.    Decided February 22, 1916.

1. MASTER AND SERVANT—*Injury to Servant—Pleading—Duties of Master.*

Averments in a declaration against a master for damages for wrongful death of his servant, of a higher degree of duty on the part of the master to provide for the safety of the servant than the law imposes, do not vitiate it. (p. 642).

2. SAME.

For the purposes of a demurrer to such a declaration, the law itself raises the ordinary duties of the master to the servant, from allegation of the relation of the parties, and peculiar duties from allegation of the facts imposing them, wherefore, in neither case, is there necessity of express averment of the duty. (p. 642).

3. PLEADING—*Surplusage.*

Averment of matter in a declaration in tort, beyond what is necessary to give a right of action, by reason of the use of words too broad in meaning, or redundant phrases or clauses, is treated as surplusage. (p. 642).

4.  SAME—*Injury to Servant—Declaration—Requisites.*

   In a declaration for injury by negligence, it suffices to allege the facts from which the law imposes duty, an act or omission constituting in law a breach of the duty and the resultant injury.  (p. 642).

5.  WITNESSES—*Competency—Action by Administrator—Communication With Person Since Deceased.*

   A witness interested adversely to the administrator, in the result of the action for damages for wrongful death, is incompetent to testify against the latter, in regard to a personal communication between himself and the person alleged to have been wrongfully killed.  (p. 643).

6.  EVIDENCE—*Admissibility—Opinion of Witness.*

   An opinion of a witness, founded upon a matter the evidence does not tend to establish, is not admissible as evidence.  (p. 644).

7.  SAME—*Expert Opinion Evidence—Admissibility.*

   Expert opinion evidence concerning a matter as to which the jury are as competent to form an accurate opinion as the witness, is inadmissible.  (p. 645).

8.  TRIAL—*Instructions—Evidence—Pleading.*

   An instruction based upon actionable matter neither pleaded nor proved, is erroneous.  (p. 645).

9.  SAME—*Instructions—Submission of Issues—Questions of Law.*

   An instruction so general and indefinite in its terms as to involve submission of matter of law, to the jury, for determination, is erroneous.  (p. 645).

Error to Circuit Court, Preston County.

Action by Waitman W. Lawrence's administrator against W. H. Hyde.  Judgment for plaintiff, and defendant brings error.

*Reversed, remanded, and new trial awarded.*

*P. J. Crogan,* for plaintiff in error.

*F. E. Parrack,* for defendant in error.

POFFENBARGER, JUDGE:

Lack of jurisdiction for invalidity of process is one of the assertions made by way of impeachment of this judgment for $1979.00, recovered in an action for damages for alleged wrongful death of plaintiff's intestate.  The cause of action

arose, and the action was instituted, in Preston county, but the defendant, a non-resident of the state, not being found there, process directed to the sheriff of Fayette county, was served on him in said last named county. Deeming such procedure unauthorized and the summons void, he made a special appearance and moved the court to quash the return of service and excepted to the action of the court in overruling the motion.

The first summons, dated May 19, 1913, was returned "Not found in my bailiwick," July 7, 1913. The other was issued, Oct. 14, 1913. An order of attachment founded on an affidavit of non-residence was issued, May 19, 1913, and another, on new affidavits setting up the same ground, April 22, 1914. Although the defendant was a non-resident, he was not proceeded against by order of publication. Relying upon the sufficiency of the service in Fayette county, the plaintiff deemed an order of publication unnecessary, and it was, if the process was valid. After the motion to quash the return, the defendant, on March 30, 1914, still relying upon that motion and expressly declining to waive it, moved to quash the first attachment, the return of the sheriff, showing a levy on certain personal property under the attachment, and the affidavit. The record discloses no order expressly disposing of these motions. On April 18, 1914, the plaintiff filed two additional attachment affidavits and took out the second order of attachment. On the first Monday in June, 1914, he filed an amended declaration in the clerk's office, which was later filed by order of the court. On July 10, 1914, the defendant moved the court to quash the second attachment, the sheriff's return thereon and the affidavits on which it was based, and excepted to the overruling thereof. Then, after having unsuccessfully demurred to the original and amended declaration, he entered his plea and an issue was made thereon.

In terms, the motion was to quash the return, but the proposition argued here is that the summons is void for want of authority to direct and send it to the sheriff of Fayette county. Whether the motion is broad enough to test the validity of the writ need not be decided. Clause 4, sec. 1, ch. 123, Code, ser. sec. 4734, and sec. 2, ch. 124, Code, ser. sec. 4738, read together, authorize the direction of the writ

to the sheriff of Fayette county. The defendant had estate in Preston and being a non-resident, the former section gave right to sue him there, without reference to the place of origin of the cause of action. Then, the other gave right to send process against him to any county in the state. *Quesenberry* v. *Building etc. Ass'n,* 44 W. Va. 512; *Savage* v. *Building etc. Ass'n,* 45 W. Va. 275. For this interpretation, the two cases here cited are express authority.

As the motions pertaining to the first attachment, return and affidavit have not been disposed of by the trial court, they present no question for decision, and if the second attachment is good they may be immaterial. No defect in the latter is perceived, nor is any specifically pointed out. The affidavits set forth the ground of attachment and fully describe the cause of action, and the sheriff's return details the property levied on and says it was taken as the property of the defendant. Evidently the motions were based mainly on the supposed want of jurisdiction, a ground of attack which utterly fails.

Failure of the declaration to allege the plaintiff's appointment as administrator was a defect for which the demurrer should have been sustained, but, if the record discloses no other error, the verdict need not be set aside, unless the plaintiff shall be unable to make and sustain that allegation. Reference to the first attachment affidavit, in an amendment to the declaration, making the affidavit an exhibit thereof, is relied upon as curing this defect. Though the affidavit says the plaintiff had been appointed, the amendment does not allege it, nor was the affidavit used as evidence. As to this vital question no issue was made. There was neither an allegation nor denial of appointment. Evidence of ability to prove it does not excuse omission of the allegation.

The demurrers were general, going to the original and amended declarations as entireties, not to each count of either, and the principal argument in support thereof, is that a higher degree of duty is alleged than the law imposes. Allegations of duty, in several of the numerous counts, to use due care to provide a safe place of work and employ competent superintendents and co-servants, go beyond the measure of duty as ascertained and declared in *Whorley* v. *Raleigh Lum-*

*ber Co.,* 70 W. Va. 122, and other cases. An averment of duty to furnish a safe place manifestly includes duty to exercise reasonable care to provide a reasonably safe place, just as an indictment for murder includes charges of assault and battery and manslaughter. No reason why a stricter or more technical rule of pleading should obtain in civil, than in criminal, cases, is perceived, nor has any authority for such a rule been produced. Declarations are usually bad because they are too short in their allegations, never because they are too broad. The excess is treated as surplusage. *Squilache* v. *Coal & Coke Co.,* 64 W. Va. 337. Moreover, it is elementary that matter of law need not be pleaded, and the law raises duty from the relation of the parties. When the relation of master and servant is shown by the declaration, many of the reciprocal rights and duties from one to the other arise by operation of law, and the relation having been set up, it is only necessary to aver the act or omission of the master; which the law says is negligence and the consequent injury. So, when a peculiar state of facts raises a peculiar duty, it suffices to set them up and aver a breach of the duty the law raises from them, together with the resultant injury. But, if the duty is expressly averred as being broader or higher than the law imposes, no harm can possibly result, for the declaration is not evidence, and the court can expunge the excess of allegation from jury consideration and direct the inquiries of the jury to proper purposes and along proper lines, by means of instructions.

Tested by this general rule, both declarations would be clearly good, if they had alleged plaintiff's appointment. They set up the relation, character and circumstances of the employment and the minority of the servant, and charge several breaches of legal duty, negligent allowance of a piece of timber to fall upon the servant, negligent employment of an incompetent superintendent, and failure to warn the servant of the danger of the service, he being alleged to have been ignorant of the danger.

Testimony of a witness interested in the result of the action, respecting a material personal communication between him and the decedent, warning of the danger of the work, was excluded. The exception to this ruling is not well taken.

Incompetence of such a witness as to such matter rests upon the very letter of our statute, ch. 130, sec. 23, ser. sec. 4879. It is not limited to cases arising *ex contractu,* nor to those in which there may be a judgment for or against the estate of the decedent, as it is in some statutes.   This conclusion harmonizes with the construction of a similar statute by the New York courts.  *Abelein* v. *Porter,* 61 N. Y. Supp. 144, 45 N. Y. App. Div. 307; *Holcomb* v. *Holcomb,* 95 N. Y. 317; *Alexander* v. *Dulcher,* 70 N. Y. 385.   Such also is the interpretation of the Illinois statute.   *Forbes* v. *Snyder,* 94 Ill. 374; *Con. Machine Ice Co.* v. *Keifer,* 134 Ill. 481.

One theory of the plaintiff was duty on the part of the defendant to have skilled, competent foremen supervise and direct the preparation and lowering of every load or batch of timber that went to the men at the bottom of the shaft, 180 feet deep, for use in timbering the sides thereof.   The night foreman or boss, Williams, whose incompetency is not shown, was on duty and at the bottom of the shaft, when the accident occurred.   A young man, who seems to have had considerable experience in work of the character in question, was on duty at the top.   If competent, his rank or designation as an employee is immaterial.   McCoy, the bookkeeper, also experienced in that line of work, and interested in the profits to be derived from the contract, had exercised a sort of general superintendency.   He was on the ground at the time of the accident, but not at the shaft.   Having taken some time for sleep he was dressing when the disaster was reported to him. There was no evidence of lack of superintendence.   No authority imposing duty upon the master to have a superintendent present at every moment, and directing every operation, has been brought to our attention, nor have we been able to find any.   Though under the age of maturity, Kindevater was not legally ineligible to the position of foreman or boss.  He may have been perfectly competent and he was there in charge of the work at the top of the shaft.

In this state of the evidence, the offer to prove unsafety of the work "without having a superintendent or, overseer in charge of the work, both at the top and bottom of the shaft," should have been rejected.   The question and answer assumed the existence of evidence not adduced.   That there were men

in charge as foremen or overseers was an established fact. Whether they were competent was an entirely different matter. Part of Turner's testimony should have been excluded for the same reason. In both cases, it was opinion evidence based upon a false assumption.

Turner's opinion as to whether it was safe to lower bundles of comparatively small pieces of timber into the shaft, by means of a chain looped around them and fastened to a rope operated by a hoisting engine, should have been rejected also. As to that, the jury's opinion would be as good as his. It did not go to the fitness of the appliances or anything that could be regarded as a subject of purely expert testimony, and the witness, not having been engaged in the work, was testifying as an expert.

Although no count of the declaration avers failure to adopt and promulgate rules for the regulation of the work and conduct of the men, and there is no proof of lack of rules, an instruction, abstract in form, declaring it to be the duty of an employer to make and enforce reasonable rules for the protection of the servants from unnecessary injury and avoidable danger, and telling the jury to find for the plaintiff, if they should believe such duty had been omitted by the defendant, was given over objection. Lack of averment and proof of failure to prescribe rules precluded right to give this instruction. *Kunst* v. *Grafton*, 67 W. Va. 20, 27 and numerous cases there cited. Moreover, it is entirely too general and indefinite in its terms, if there had been an allegation and proof of non-existence of rules. Under it, the jury could have set up duty to make a rule applicable to something only remotely connected with the injury, omission of which would not have constituted proximate cause thereof, and founded their verdict on such omission. Plaintiff's instruction No. 3 is likewise vitiated by a direction, in general and indefinite terms, as to duty to prescribe rules. Plaintiff's instruction No. 7, abstract and broad enough to leave it to the jury to say what duties of the defendant were non-assignable and telling them the acts of a servant to whom such duties are delegated bind the principal, should have been refused. Such an instruction should be concrete and should point out the non-assignable duty alleged to have been omitted or violated.

As the defendant brought up, of his own instructions, only the two refused by the court and apparently left out five that were given his assignments of error based on rulings as to his instructions are ·to be considered for the purposes of a new trial only, not for reversal. One of the two refused would have advised the jury that the decedent, a minor, assumed all the ordinary risks of his employment. In lieu thereof, the court gave one properly qualifying the proposition to the assumption of such hazards as the youth had capacity to appreciate. *Adams* v. *C. & O. Railway Co.*, 73 W. Va. 698. His instruction No. 7 would have properly told the jury the measure of the defendant's duty in the selection of coservants was ordinary care, and, unless some other instruction embodying the proposition was given, it should have been given.

Whether the erroneous rulings in the trial, here noted, influenced the jury in their conclusion, we are unable to determine. Hence the judgment will have to be reversed, the verdict set aside and the cause remanded, with leave to amend the declarations so as to show the appointment of the plaintiff as administrator, and for a new trial on the declarations when so amended.

. *Reversed, remanded; and new trial awarded.*