## SUTHERLAND v. PAYNE, Agent.

### (Circuit Court of Appeals, Sixth Circuit. July 1, 1921.)

### No. 3495.

1. Trial ☞255(2)—Duty of court to charge on all issues supported by substantial evidence.

Aside from any request to charge on any phase of the case it is the duty of the trial court to submit to the jury all the issues joined by the pleadings if any substantial evidence was offered in proof of such issues by the party on whom rests the burden to establish the affirmative thereof.

2. Railroads ☞338—Failure to stop train striking automobile observed held not negligence under last chance doctrine.

That the fireman on a train while the whistle was being blown saw plaintiff slowly approaching a crossing 350 or 400 feet ahead in an automobile and took no action to stop the train *held* not to tend to support an allegation of negligence under the "last chance" doctrine on the ground that those in charge of the train saw plaintiff in a dangerous position and did not try to avoid his injury, the fireman being justified in supposing that he would stop before reaching a point of danger.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Action at law by Hugh A. Sutherland against John Barton Payne, as agent operating the Pennsylvania Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Newcomb, Newcomb & Nord, of Cleveland, Ohio, and Sheldon & Rinto, of Ashtabula, Ohio, for plaintiff in error.

Squire, Sanders & Dempsey, and Thos. M. Kirby, all of Cleveland, Ohio, for defendant in error.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. On the 11th day of December, 1919, the plaintiff in error, Hugh A. Sutherland, filed his petition in the United States District Court, Northern District of Ohio, Eastern Division, against Walker D. Hines, Director General of Railroads, to recover for personal injuries sustained by him by reason of a passenger train belonging to the Pennsylvania Company and operated by defendant, striking the automobile in which plaintiff in error was riding, at the Nathan street crossing in the city of Ashtabula, Ohio.

The petition stated three several assignments of negligence on the part of the defendant in the operation of this train. It contained further averment that the defendant was negligent in allowing the crossing to become defective, unsafe, and out of repair. As a separate

ground of negligence plaintiff averred that after the defendant's engineer and fireman, in charge of said train, saw plaintiff upon the crossing, in front of said engine and in a place of danger, they negligently, carelessly, and recklessly failed to exercise ordinary care to stop the engine or to so operate the same as to avoid running upon and against the plaintiff's automobile and injuring the plaintiff.

The defendant answered, denying the allegations of negligence contained in the plaintiff's petition, and, further answering, averred that plaintiff was guilty of negligence directly and proximately contributing to his injury.

On the trial of the cause the jury returned a verdict for the defendant, upon which verdict judgment was rendered accordingly.

The plaintiff in error seeks a reversal of this judgment for error of the court in refusing to charge the jury as requested, in reference to the "last chance doctrine," as alleged in the fourth and fifth paragraphs of the plaintiff's petition.

It is insisted upon the part of the defendant in error that this record fails to show that the plaintiff made any such request to charge. It does not affirmatively appear from the record that the plaintiff made any such request, although what purports to be such a request is found in the assignment of errors. It does appear, however, that after the court had charged the jury, the plaintiff excepted—

"to the charge of the court in withdrawing from the consideration of the jury the fourth specification of negligence, therefore not permitting the jury to pass upon the question as to whether or not, after seeing the plaintiff on the tracks and in front of the train, they exercised ordinary care to try to so operate the train as to avoid injuring him."

[1] This exception we think sufficiently presents the question, especially in view of the fact that the court, in stating the issues to the jury in its general charge, did not refer to the fourth assignment of negligence contained in plaintiff's petition as one of the issues made by the pleadings in this case. Aside from any request to charge on any phase of the case, it is the duty of the trial court to submit to the jury all the issues joined by the pleadings, if any substantial evidence was offered in proof of such issues by the party upon whom the burden rests to establish the affirmative thereof.

[2] In this case the plaintiff offered evidence tending to prove that the fireman had seen the plaintiff approaching the railroad crossing in a slow-moving automobile when the train was between 350 and 400 feet from the point of collision. The only evidence upon that question is the evidence of the fireman himself, who testified that he was on the seat box on the left side of the engine going forward; that he saw the automobile coming slowly onto the track; that his train was running from 30 to 35 miles an hour; that the plaintiff kept right along slowly, and he expected he was going to stop; that when he saw plaintiff was not going to stop he called to the engineer, when the engine was two or three car lengths from the crossing. The fireman further testified that he could have jumped from his seat and pulled the whistle

cord when he first saw the approaching automobile, but that at that time the engineer was blowing the whistle.

The engineer testified that he was on the right-hand side of the engine; that he could not see the plaintiff's automobile approaching the crossing; that he did not hear any alarm from his fireman; that he did not see the plaintiff until he was about 20 feet away from him; and that it was then too late to stop.

It is claimed upon the part of the plaintiff in error that the fact that the fireman saw the automobile approaching when the train was more than 350 feet distant from the crossing, and failed to notify the engineer of that fact, taken in connection with the evidence tending to show that the crossing was out of repair, defective, and unsafe, tends to support the allegations in his petition that the engineer and fireman in charge of said train—

"after they could and did see that the plaintiff was upon said crossing, in front of said engine and in a place of danger, negligently, carelessly, and recklessly failed to exercise ordinary care to stop the engine or to so operate the same as to avoid running upon and against the plaintiff's automobile and injuring the plaintiff."

It is apparent that this evidence does not even tend to prove these allegations of the petition. The plaintiff was not "upon the crossing in front of said engine and in a place of danger" when the fireman first saw him, nor was the fireman aware of the fact that the plaintiff was about to place himself in such a dangerous position until the train was about three car lengths away from the crossing. Then he undertook to give the alarm, which was not heard by the engineer, who in fact did not see the plaintiff or know of his danger until the train was about 20 feet away from him. Illinois Central R. R. Co. v. Ackerman, 144 Fed. 959, 76 C. C. A. 13; Railroad Co. v. Summers, 173 Fed. 358, 97 C. C. A. 328; Railroad Co. v. Kistler, 66 Ohio St. 326, 64 N. E. 130; Robbins v. Penna. Co., 245 Fed. 435, 157 C. C. A. 597; Railroad Co. v. Maidment, 168 Fed. 21, 93 C. C. A. 413, 21 L. R. A. (N. S.) 794; Brommer v. Penna. Co., 179 Fed. 577, 103 C. C. A. 135, 29 L. R. A. (N. S.) 924.

Upon this state of the proof the trial court did not err in holding that the fourth allegation of negligence was not sustained by any evidence, and for that reason properly refused to submit the issue raised thereby to the jury.

Judgment affirmed.