## ST. PAUL FIRE & MARINE INSURANCE CO. *v.* BACHMANN.

No. 311. Argued January 12, 1932.—Decided February 23, 1932.

*Mr. James M. Guiher,* with whom *Messrs. Russell L. Furbee, Philip P. Steptoe,* and *Louis A. Johnson* were on the brief, for petitioner.

*Messrs. Charles J. Schuck* and *Carl G. Bachmann,* with whom *Mr. J. Bernard Handlan* was on the brief, for respondent.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

This action to recover on a policy of fire insurance was brought in the federal court for northern West Virginia by Sophia C. Bachmann, a citizen of that State, against

the St. Paul Fire & Marine Insurance Company, a Minnesota corporation. The parties stipulated that the plaintiff was entitled to recover " unless the policy had been forfeited and nullified by the alleged violations as set forth in defendant's Specifications of Defense Nos. 1 and 2 filed in this case." The first specification recited the Increase of Hazard Warranty: " Unless otherwise provided by agreement in writing added hereto, this company shall not be liable for loss or damage occurring (b) while the hazard is increased by any means within the control or knowledge of the insured "; and alleged that by means " within the knowledge and control of the plaintiff and her agent or agents " the fire hazard had been increased. The second specification of defense recited the Prohibited Articles Warranty: " Unless otherwise provided by agreement in writing added hereto, this Company shall not be liable for loss or damage occurring (d) while . . . there is kept, used or allowed on the described premises . . . gasoline . . ."; and alleged that " at the time of the fire complained of, and prior thereto, large quantities of gasoline were being kept . . . upon and about the insured premises, all of which was well known to the plaintiff and her agent or agents, and was in violation of the foregoing condition and warranty."

To each defense the plaintiff replied that the warranty recited had been modified by a rider added to the policy; and also that prior to the fire she had no knowledge or control, as alleged, of the circumstances relied upon as showing breach of the warranty. The rider set forth in the reply altered the occupancy clause of the policy, which had originally described the insured building as " occupied as Produce Store," so that it read, " occupied for bottling automobile oils, offices, and other mercantile purposes not more hazardous." Another clause of the policy permitted the insured " for present and other occupancies not more hazardous " " to do such work and

to keep and use such materials as are usual in such occupancies;" and a rule of the West Virginia Fire Underwriters' Association (concededly a part of the insurance contract) provides that " the word ' materials ' as used above, includes gasoline and such other materials as are prohibited by the printed conditions of the policy, when kept and used for such purposes as are usual to the occupancies permitted." Gasoline is used in the business of bottling automobile oils.

The case was tried before a jury. The defendant introduced evidence tending to show that the premises were occupied at the time of the fire by a tenant engaged in the illegal manufacture of intoxicating liquors; and that a large quantity of gasoline was kept on the premises for use in that connection. But it failed in its effort to prove that the plaintiff had knowledge of these facts. The verdict was for the plaintiff; and the judgment entered thereon was affirmed by the Circuit Court of Appeals, 49 F. (2d) 158. The writ of certiorari was granted because of alleged conflict with decisions of this Court and of the Eighth Circuit Court of Appeals.

The only error assigned here by the Insurance Company relates to the construction of the Prohibited Articles Warranty, and to the Circuit Court of Appeals' approval of the trial court's instructions with reference thereto. It is contended that under that warranty, even as modified by the rider, the presence of gasoline in connection with the use of the premises for the illegal manufacture of intoxicating liquors was an absolute bar to liability, regardless of the plaintiff's knowledge or control of the conditions; and that the trial court, in instructing the jury that the defendant must establish the fact of such knowledge and control, confused the requirements of the Prohibited Articles Warranty with those of the Increase of Hazard Warranty, and in effect read the condition against the use of gasoline out of the policy.

In passing upon this contention, the Circuit Court of Appeals said [p. 160]:

"At the time of the inspection by the agent of the insurance company, and the attachment of the rider to the policy, the building was being used for the handling and bottling of automobile oil, and it was shown that gasoline was stored in the building, and that the agent of the insurance company saw that gasoline was being used and stored in the building. It was contended at the trial below that this rider constituted a permit for the handling of gasoline within the building, and that its effect was to remove gasoline from the prohibited articles warranty, and that the quantity of gasoline, if greater than used at the time of the issuance of the permit, brought this question into the increased hazard class. The trial court took this view of the case, and we think properly so. The agent of the insurance company knew that the rider permitted the use of gasoline, at least to some extent, and in order to show that the hazard was increased by a greater use of gasoline, as a defense to the recovery by the insured, the insurance company must under the terms of the policy, as above discussed, bring such fact ' within the knowledge and control' of the insured or her agent."

In so holding the court was in error. Because of the terms of the rider, a determination of the hazard involved was essential to maintaining the defense under the Prohibited Articles Warranty as well as that under the Increase of Hazard Warranty. But the two warranties are distinct. The latter is not violated unless there is increase of hazard within the knowledge and control of the insured. The former may be violated if a tenant keeps the prohibited article on the premises, even if this was done without the knowledge and control of the insured. *Liverpool & London Ins. Co.* v. *Gunther,* 116 U. S. 113, 128, 129; *Gunther* v. *Liverpool & London & Globe Ins. Co.,* 134 U. S. 110, 116. Compare *Imperial Fire*

*Ins. Co.* v. *Coos County,* 151 U. S. 452, 463, 464. The rider attached to the policy altered the prohibition against gasoline only to the extent of permitting it to be kept and used for the purpose of bottling automobile oils, or for " other mercantile purposes not more hazardous." The court could not say as a matter of law whether the business of operating moonshine stills was or was not more hazardous than that of bottling automobile oils. Compare *Royal Exch. Assur. of London* v. *Thrower,* 246 Fed. 768, 772; *Phoenix Assur. Co.* v. *Franklin Brass Co.,* 58 Fed. 166, 171; *Schaffer* v. *Hampton Ins. Co.,* 235 N. W. 618. If it was more hazardous, the presence of the gasoline constituted a violation of the warranty. The question should have been submitted to the jury.

It is urged on behalf of the respondent that the Insurance Company is not in a position to complain of this error. Stress is laid on the circumstance that in its specifications of defense the Company alleged knowledge and control by the insured of the presence of the gasoline and the operation of the stills; and it is argued that the parties are bound by the issue as thus joined. But the pleading set forth the Prohibited Articles Warranty and asserted a defense under it. Any additional matter, which might by implication be read as an attempted construction of the warranty, is to be regarded as surplusage. Compare *Lawrence* v. *Hyde,* 77 W. Va. 639, 643; 88 S. E. 45; *Lohr* v. *Wolfe,* 71 W. Va. 627, 628; 77 S. E. 71; *Jones* v. *Sanitary District,* 265 Ill. 98, 100, 101; 106 N. E. 473; *Hall* v. *Spaulding,* 42 N. H. 259, 262. When the defendant later sought instructions that proof of knowledge and control by the insured was not essential to establishment of the defense, the plaintiff made no effort to show that it had been prejudiced.

A more serious difficulty is that the defendant did not itself seek proper instructions. The burden was upon

118

it to prove that the occupancy was not one to which the gasoline permit extended. Compare *Logan* v. *Provident Savings Life Assurance Society,* 57 W. Va. 384, 390; 50 S. E. 529. Yet it presented no request that the jury be instructed as to the meaning of the rider. Nor did it request an instruction that the jury find whether the occupancy at or before the time of the fire was more hazardous than that of bottling automobile oils. Its request was merely that the jury be charged that the plaintiff could not recover if at and prior to the time of the fire substantial quantities of gasoline were being kept on the premises " either for the purpose of operating moonshine stills or for any other purpose not permitted by the policy." Thus, it requested the court to hold as a matter of law that operating moonshine stills was outside the scope of the permitted occupancies. The court could not take judicial notice that the operation of the stills was more hazardous than bottling automobile oils or say that it was not a mercantile purpose.

But the defendant's failure to ask proper instructions does not cure the error in the instructions which were given, and excepted to. Compare *Texas & Pacific Ry. Co.* v. *Volk,* 151 U. S. 73, 78. At the plaintiff's request the trial judge charged that " unless the plaintiff . . . had control or knowledge of the keeping and using of such gasoline or the operation of such stills, such keeping, using and operation . . . constitute no defense "; that " the defendant by the issuance of the rider . . . is estopped to avoid the policy because of the fact that quantities of gasoline were kept and used upon the premises since the said rider permitted the bottling of automobile oils which according to the uncontradicted evidence contained gasoline." These instructions, while correct insofar as they bore upon the defense under the Increase of Hazard Warranty, were erroneous in respect to that under the Prohibited Articles War-

ranty. The fact that the defendant had incorporated errors of law in the instructions which it sought upon the second defense did not justify putting the case to the jury solely upon the first. ·Compare *Westchester Fire Ins. Co.* v. *Fitzpatrick,* 2 F. (2d) 651, 654; *Sutherland* v. *Payne,* 274 Fed. 360, 361; *Rothe* v. *Pennsylvania Co.;* 195 Fed. 21, 25; *Audubon Bldg. Co.* v. *F. M. Andrews & Co.,* 187 Fed. 254, 260. We are constrained to reverse the judgment of the Circuit Court of Appeals, with directions that the case be remanded to the District Court for further proceedings in accordance with this opinion.

*Reversed.*

MR. JUSTICE MCREYNOLDS thinks the judgment should be affirmed.