H. F. BAILEY *v.* MUTUAL FIRE INSURANCE COMPANY OF WEST VIRGINIA

(No. 8129)

Submitted October 29, 1935. Decided November 5, 1935.

*Oliver D. Kessel* and *Steptoe & Johnson, Stanley C. Morris* and *James M. Guiher,* for plaintiff in error.

*W. F. Boggess,* for defendant in error.

HATCHER, JUDGE:

This writ of error was granted to a judgment in the circuit court recovered by plaintiff on a fire insurance policy.

The policy related to a farm dwelling house which was destroyed by fire starting from a gasoline flat-iron in use within the house at the time. A small tank attached to the iron supplied it with gasoline. The policy expressly stipulated that it should be void ''if there be kept, used or allowed on the above described premises * * * gasoline.'' The plaintiff contends that the stipulation is not effective because gasoline irons were commonly used in the neighborhood, she herself having used one for several years. It is not shown that this custom was known to defendant. Even so, it had the right to contract against the custom.

The plaintiff further contends that an alleged oral promise to her to pay the loss by defendant's ''special agent and adjuster'' constituted a waiver of the stipulation. Plaintiff's witness (defendant's secretary) who gave the official designation of the special agent, testified without contradiction that the agent had no authority to bind the defendant in this manner. Moreover, such power can not be inferred from his designation alone, since the policy expressly withholds that power from all agents and representatives. *Slater* v. *Insurance Co.,* 68 W. Va. 779, 71 S. E. 197.

Here the insurer plainly stipulated that it would not assume the risk arising from gasoline kept or used in the plaintiff's house. She agreed to that stipulation. It was their contract. Hence, she has no right of action (under the policy) against the insurer for a loss caused by the risk expressly excepted. As was said by the Appellate Court of New York in *Miller* v. *Ins. Co.,* 253 N. Y. 64, 170 N. E. 495, 496: ''The insurance company may be strictly held to its policy; its contract may even be liberally construed in favor of the policyholder, but

the losses which it has specifically excluded can not be brought within the insurance by a ruling of the courts. The contract which the parties have made limits the power of the courts." Accord: *Insurance Co.* v. *Gunther,* 116 U. S. 113, 6 S. Ct. 306, 29 L. Ed. 575; *Insurance Co.* v. *Bachman,* 285 U. S. 112, 52 S. Ct. 270, 76 L. Ed. 648; *Insurance Co.* v. *Ocean View Co.,* 106 Va. 633, 56 S. E. 584; Couch, Cyc. Ins. Law, sec. 966; 26 C. J., subject Fire Insurance, sec. 266.

The judgment of the circuit court is accordingly reversed, the verdict of the jury set aside and the case remanded.

*Judgment reversed; verdict set aside; case remanded.*