MILWAUKEE MECHANICS INS. CO. v.
OLIVER et al.

No. 10773.

Circuit Court of Appeals, Fifth Circuit.

Dec. 10, 1943.

Rehearing Denied Jan. 4, 1944.

406

J. L. Shook and William Harrison Shook, both of Dallas, Tex., for appellant.

Lem Billingsley of Ft. Worth, Tex., and C. O. McMillan, of Stephenville, Tex., for appellees.

Before SIBLEY, HOLMES, and WALLER, Circuit Judges.

HOLMES, Circuit Judge.

This is an action for a declaratory judgment as to appellant's liability under an insurance policy for damages resulting from a fire. By cross-action appellees sought a judgment in the full amount of the policy coverage. There was a jury trial, numerous special issues were submitted, and upon the basis of the answers thereto the court entered judgment against appellant for the full amount of the insurance. Appellant contends that, by reason of the breach of certain promissory warranties contained in the policy, appellees were not entitled to recover; that the findings of the jury were not supported by the evidence; and that numerous procedural errors were committed in the course of the trial.

The policy insured a school building, furniture and fixtures therein, and the library, against all direct loss or damage by fire while occupied for school purposes and when used for occasional public meetings. A clause in the policy prohibited the use of moving picture machines unless the policy was endorsed with a special permit and an additional premium was paid; and it was provided that concealment or misrepresentation by the insured of any material fact concerning the insurance or the subject thereof should render the policy void.

An agreement was made between the school trustees and a private individual under which the latter exhibited a motion picture program in the school auditorium each Wednesday night as a business venture, and one-half of the profits went into the athletic fund of the school. The fire occurred at night during the summer vacation approximately two hours after the exhibition of a motion picture in the school auditorium. The cause of the fire could not be ascertained. The machine used to make the motion pictures was a 16 mm portable projector, and was installed immediately before and removed immediately after each exhibition. No special permit authorizing the use of the machine in the building was endorsed on the policy, and no additional premium was paid therefor; nor was the insurer notified that the premises were used to house a motion picture show.

 The court below properly declined to hold that the policy was forfeited, as a matter of law, by reason of any breach of promissory warranties. It appears from the evidence that the regulations of the Board of Insurance Commissioners of Texas denied to insurers the right to charge any additional premium for the installation

and use of motion picture projectors of the type and size here used. The necessary implication of this regulation is that such machines do not cause any substantial increase in the risk. The evidence was in conflict as to whether either the use of the projector in the building, or the assembling of people to see the film, or both, operated to increase the hazard of fire; these issues were specially submitted to the jury, and the finding was that the risk was not increased. There was no causal connection established between this use of the building and the origin of the fire. In these circumstances, there was no breach of warranty authorizing a declaratory judgment exonerating appellant from liability under the policy.[1]

■ Seven of the fourteen assignments of error relate to instructions given or refused and to evidence admitted or excluded. We shall advert to those that require comment. It is the duty of the trial court in its charge to define technical terms when the meaning thereof must be understood by the jury in order to determine the issues submitted to it; but words and phrases familiar to one of ordinary intelligence require no definition. We find no violation of this rule in the charge of the court.

■ Error is asserted in connection with the admission of alleged hearsay testimony of the witness McMillan, and in the admission in evidence of Form 131, which was the only form of permit prescribed under the regulations of the Board of Insurance Commissioners of Texas for attachment as a rider to policies of fire insurance covering the exhibition of a motion picture film for commercial purposes in any building other than a regular theatre. Much of McMillan's testimony was hearsay and should have been excluded, but its admission was an error without prejudice to this appellant. The sole purpose of his testimony was to establish the existence and function of Form 131 and have it admitted in evidence. There was evidence of another witness to the same effect admitted without objection; and, moreover, Form 131 was part of an official regulation of an administrative agency of the State of Texas, as to which, upon proper reference made, the court might have taken judicial notice.[2] The form was properly identified and offered, and its authenticity was not challenged. It was properly admitted in evidence.

■ The last contention requiring comment is that the judgment should be reduced from $9,600 to $8,373.50 because the verdict of the jury awarded duplicate damages on items totalling $1,226.50. The policy insured the building and its fixtures for $7,500, the movable equipment for $2,000, and the library for $100. The jury found that the building and its fixtures were a total loss, that the damage to the movable equipment was $4,211, and that the library damage was $900. The basis of appellant's contention is that the jury included immovables insured as a part of the building in its computation of damages to movable equipment. Conceding that this was done, the contention lacks substance because the judgment awarded damages on movable equipment in the sum of $2,000 only, and the proof showed damages to equipment properly classed as movables in excess of the damages awarded.

We find no reversible error in the record, and the judgment appealed from is affirmed.

---

1 National Union Fire Ins. Co. v. Richards, Tex.Civ.App., 290 S.W. 912; Appleman on Insurance, Law and Practice, Sec. 4146. Cf. St. Paul Fire & Marine Ins. Co. v. Bachmann, 285 U.S. 112, 52 S. Ct. 270, 76 L.Ed. 648; Dixie Fire Ins. Co. v. Henson, Tex.Com.App., 285 S.W. 265.

2 So far as we can discover, no Texas court has ruled upon the question of judicial notice with regard to administrative regulations. Federal courts now follow the most liberal rules available in either state or federal practice in the matter of the admissibility of evidence, but even before the adoption of this rule the majority practice favored judicial notice of such regulations, particularly when the court's attention was directed thereto. See Rule 43 of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Caha v. United States, 152 U.S. 211, 221, 14 S.Ct. 513, 38 L.Ed. 415; Roden v. Connecticut Company, 113 Conn. 408, 155 A. 721; Wigmore on Evidence, 3rd Ed., Sec. 2572 (c), and cases cited.