# CHARLESTON.

T. J. SAYRE *v.* NANCY WHETHERHOLT *et als.*

Submitted April 19, 1921.   Decided April 26, 1921.

1. EXECUTORS AND ADMINISTRATORS—*Bill to Determine Rights to
    Fund Deposited to Credit of Heirs Cognizable in Equity.*

    A bill by an administrator to obtain an adjudication of his
    right to a fund deposited in a bank to the credit of two of the
    heirs of his intestate, on the ground that the money so deposit-
    ed belonged to the estate, filed against one of such heirs and
    the surviving husband and administrator of the other, sets
    forth a cause of action cognizable in equity. (p. 545).

2. SAME—*In Bill to Determine Right to Deposits to Credit of De-
    ceased Heir, Other Demands Held Properly Included to Avoid
    Multiplicity of Suits.*

    On the ground of avoidance of multiplicity of suits, it is
    proper to include in such a bill demands against such husband
    and administrator, for other sums of money alleged to be parts
    of such estate and the right to which is dependent upon sub-
    stantially the same evidence as that determining the right
    to such deposit. (p. 545).

3. WITNESSES—*Heir May Testify Against Administrator of An-
    other Heir in Suit by Ancestor's Administrator to Determine
    Right to Deposit to Credit of Both Heirs.*

    In such case, the survivor of the two heirs in whose names
    such deposit was made is competent to testify against the
    administrator of the other, that his intestate took into her
    possession and control all of the money and other personal
    property of the ancestor and caused the deposit to be made
    and died without having accounted for the other money and
    property. (p. 545).

4. EXECUTORS AND ADMINISTRATORS—*In Determining Right to Deposit, Deceased Heir Treated Executrix de son Tort.*

Under such circumstances, the deceased heir is treated as having been, at the time of her death, executrix *de son tort* of her father's estate, and the personal transactions and communications between her and the surviving heir, respecting the estate, as standing upon no higher ground than they would have occupied if she had taken possession of the property, as a duly appointed and qualified administratrix, and, on her death, her husband had been appointed administrator *de bonis non* of the estate of her father. (p. 546).

5. WITNESSES—*Statutes Excluding Witnesses from Relief from Disability on Ground of Interest Strictly Construed.*

The exception in sec. 23 of ch. 130 of the Code, excluding witnesses from the relief from disability on the ground of interest given by that section, under certain specified conditions and circumstances, is strictly construed, and does not preclude the testimony of any witness that does not clearly come within its terms. (p. 546).

Appeal from Circuit Court, Jackson County.

Suit by T. J. Sayre, administrator of the estate of Charles Duff, deceased, against Nancy Whetherholt, William F. Ray, administrator of the estate of Margaret E. Duff, deceased, and others. Decree for plaintiff, and defendant Ray appeals.

*Modified and affirmed.*

*J. L. Wolfe,* for appellant.
*T. J. Sayre,* for appellees.

POFFENBARGER, JUDGE:

Propriety of the forum resorted to for the relief obtained and admissibility of the evidence upon which award thereof is predicated are the principle matters involved in this appeal. In resistance of the claim of equity jurisdiction, the appellant urges adequacy of the legal remedy. In view of the interests and relations of witnesses upon whose unsupported testimony the decree rests in large measure, he denies their competency and the admissibility of their evidence.

Plaintiff is the administrator of the estate of Charles Duff, deceased, and the defendants are a daughter of said Duff and the surviving husband and administrator of another daughter,

in his own right and as administrator.   The objects of the suit are adjudication of right in the plaintiff, as administrator, to a fund of $450.00, deposited in the Kanawha National Bank of Charleston, W. Va., to the credit of the two daughters, before the death of the one last mentioned, on the theory that it is a part of the estate of his intestate, and to $401.00 of other money of the estate and the value of certain goods and chattels of said estate, alleged to have passed into the hands of the deceased daughter before her demise.   The living daughter is Nancy Whetherholt and the deceased one was Margaret E. Duff, until she married Wm. F. Ray, February 5, 1918, over two years after the death of her father, which occurred in November, 1915.

Ray filed his joint and separate demurrer and answer to the bill, in his individual and representative capacities, but adduced no evidence.   Nancy Whetherholt, favoring recovery by the plaintiff and disclaiming title to the deposit in bank, in favor of her father's estate, allowed the bill to be taken for confessed as to her, and she and her husband testified as witnesses for the plaintiff.

For many years before his death and at the time thereof, Charles Duff kept $460.00 in gold, 23 twenty dollar gold coins, buried in a flower-pit on his premises, and, at some time prior to his death, advised Mrs. Whetherholt of its location.   After his death her husband and Margaret E. Duff unearthed it, and the former deposited $450.00 of it, as aforesaid, and expended the remaining $10.00 for grass-seed purchased for the latter and sowed on the farm.   This was done upon the assumption that the two daughters were entitled to it.   From November, 1915, until April, 1916, this money remained where its owner had placed it.   Disturbance thereof was an incident of removal of the then unmarried daughter to the home of her sister.

Besides this money, the intestate had $280.00 concealed in his house in an old piece of carpet and $121.00 in a pocket of his clothes.   On his death the unmarried daughter took possession of it.   She loaned $250.00 of it to one Edward Clifford, who repaid to her $100.00, which was deposited to her credit with the Elk Banking Company.   Sam Duff assumed payment

of the remaining $150.00 of this loan, and later paid it, with $9.00 interest, to the defendant, Wm. F. Ray, administrator. Mrs. Whetherholt and her husband both testified that the unmarried daughter took charge of all the money found in the house, and the former swore positively to the amount of it, saying she had counted it. The goods and chattels consisted of household goods, two mowing machines, a wheat drill and other articles of small value.

After the marriage of Margaret E. Duff, February 5, 1918, she seems to have resided with her husband in a home he owned, and some of the goods and chattels seem to have been taken to that place. She died in August, 1918, in the Hospital for the Insane at Spencer, W. Va.

The decree awards the $450.00 fund deposited in the savings department of the Kanawha National Bank, at interest, to the plaintiff, and requires the defendant Ray to join Nancy Whetherholt in the execution of a check therefor, payable to him, and requires Ray to pay to him $320.57, made up of the $250.00 loaned and the interest thereon, a debt of $20.00 due from Sam Duff and collected by Margaret Duff, and $32.57 on account of the tangible property. For some reason, the decree does not include the $121.00, and the appellee cross-assigns error upon denial thereof. He also charges omission of the Sam Duff debt of $20.00, but it is specifically included in the decree.

As to the sum of money on deposit in the bank, the jurisdiction in equity is clear. *Yost* v. *Wills,* 86 W. Va. 71, 103 S. E. 728. Redemonstration of it here by argument is unnecessary. That fund is part of the estate demanded and equity jurisdiction as to it carries jurisdiction as to the residue thereof. All parts of it depend upon the same issue and substantially the same evidence. Avoidance of multiplicity of suits is a well recognized head of equity jurisdiction and it clearly applies.

If Mrs. Whetherholt is incompetent to testify to the matters above detailed or any of them, on the ground of interest and their character as personal transactions or communication with a deceased person, her husband is also. *Freeman* v. *Free-*

*man,* 71 W. Va. 303; *Kilgore's Adm'r.* v. *Hanley,* 27 W. Va.
451. Part of the amount could no doubt be sustained without
their evidence. This is particularly true of the Sam Duff
$20.00 debt. It is unnecessary, however, to enter upon any
inquiry as to the extent to which the decree is so sustained.

The Whetherholts are not incompetent to testify to any
of the matters material to the issue raised. Margaret E. Duff,
in assuming control of her father's estate, was acting in a fidu-
ciary capacity, although not appointed to the trust of admin-
istratrix. She was an executrix *de son tort* and, in general,
became liable for her acts in respect of the estate, as if she
had qualified as administratrix of the estate, under a valid
appointment. *Caperton* v. *Ballard,* 4 W. Va. 420; *Hansford* v.
*Elliott,* 9 Leigh 79; *Campbell* v. *Alsop,* 116 Va. 39. It is obvi-
ous that neither she nor her administrator can occupy a higher
or better position than if she had been a duly qualified admin-
istratrix. Transactions and communications between an inter-
ested witness and a deceased executor or administrator or
other person acting in a representative capacity are not within
the exception to the statute removing the common law disa-
bility of interest on the part of witnesses, sec. 23, ch. 130,
Code, because they are not within the terms of the exception.
Interested witnesses are prohibited by the exception from
testifying to such transactions and communications, "against
the executor, administrator, heir at law, next of kin, assignee,
legatee, devisee or survivor of such person." An administra-
tor *de bonis non* is not the administrator of his predecessor
in the trust, as regards the trust estate. He is the administra-
tor of the intestate of the first administrator, as to the unad-
ministered portion of the estate. Hence, as to that estate, he is
not the administrator of the person with whom the transaction
or communication was had, if that person was his predecessor
in the administration. Such transactions and communica-
tions are almost universally held not to be within the exception
when worded as ours is or expressed in equivalent terms.
*Wassell* v. *Armstrong,* 35 Ark. 247; *Dunne* v. *Deery,* 40 Ia.
251; *St. John* v. *Lofland,* 5 N. Dak. 140; *Palmasteer* v. *Tilton,*
40 N. J. Eq. 555; *Davis* v. *Beall,* 24 Tex. Civ. App. 183; 12
Ency., Evidence, 869.

Since Margaret E. Duff, in taking charge of her father's personal estate, cannot be accorded the status of an administratrix in all respects, it may not be legally possible to treat the defendant Ray as administrator *de bonis non* of Charles Duff's estate, but that is immaterial. Margaret E. Duff, his intestate, was liable as administratrix, though not entitled to all of the rights of an administratrix, and her transactions and communications with the witnesses here involved, related to her father's estate and were transactions and communications with it, witnessed by them rather than had with them. In so far as they acted in reference to the estate, the witnesses were her agents. These considerations make it manifest that the transactions and communications, if any, in question here, cannot stand upon any higher ground than if they had transpired between the witnesses and a duly appointed administrator.

No ground is perceived upon which the $121.00 item could properly be excluded or omitted by the decree. Its existence as a part of the estate and Margaret E. Duff's possession thereof are as fully and clearly proved as any other facts in the cause. To make the defendant liable, it is not necessary to prove that it went into his hands. Her liability for it manifestly fixes his as her administrator.

For the reasons stated, our conclusion is to increase the amount of the decree by the sum of $121.00, and, as so modified, to affirm it.

*Modified and affirmed.*