## CHARLESTON.

PRINCE E. LILLY *v.* J. S. ELLISON

(No. 6359)

Submitted May 15, 1929.     Decided May 21, 1929.

*C. W. Dillon* and *Carl C. Sanders,* for plaintiff in error.
*Kyle D. Harper* and *John Q. Hutchinson,* for defendant in error.

LIVELY, JUDGE:

Lilly sued Ellison, administrator of T. L. Blankenship, in assumpsit for the recovery of an alleged loan of money made by Lilly to Blankenship on March 25, 1922, for $4,202.00; and for an additional sum of $6,000 which he claimed grew out of a written contract concerning the purchase and sale of coal in forty and twenty five acres in Raleigh county. The issue was tried by a jury which returned a verdict in favor of Lilly for $5,668.93, being the amount of the alleged loan with the interest thereon; but found against the plaintiff on the $6,000 claim arising out of the written contract. Ellison, administrator, moved the court to set aside the verdict and grant a new trial for reasons stated in the motion, which was overruled, and judgment entered on the verdict, from which judgment the administrator prosecutes this writ of error.

The ground on which the motion to set aside the verdict was based, is the introduction of evidence of John Hornbrook concerning the alleged loan which defendant claimed was

inadmissible, because Hornbrook was interested in the result of the litigation, and his evidence was therefore inadmissible under section 23 of chapter 130 of the Code, which makes inadmissible the evidence of anyone interested in the litigation testifying to any personal transaction with a person deceased at the time of giving the evidence. This is the main ground on which reversal is asked. The refusal of the court to give two instructions offered by the defendant with relation to the alleged loan was also made a ground in the motion to set aside the verdict.

The controlling question here is, whether Hornbrook's evidence was admissible, for it is on his evidence that the loan was established as being made from Lilly to Blankenship. Defendant's instruction No. 2 was a peremptory one to find for the defendant on the issue as to that loan, and was based on the theory that the evidence to sustain that issue on the part of plaintiff was inadmissible. The other instruction, refused, defendant's instruction No. 8, would have told the jury that if they believed that Blankenship did receive the loan and had agreed to credit certain notes that Lilly had given Blankenship as a result of the coal deal, but that he did not do so, and lived for as much as two years thereafter, the presumption would be that he had paid the loan back in some other way, unless they should believe from the preponderance of the evidence that the money was not paid back. The circumstances detailed in this instruction would not create a presumption of payment in two years; and there was no error in refusing it. But plaintiff in error does not seriously stress error on the refusal to give the instruction, but places reliance in his brief and oral argument upon the inadmissibility of the evidence of Hornbrook. It appears that Lilly and Blankenship met in the Bank of Raleigh on March 24, 1922; and John Hornbrook, a son in law of Lilly, who was a partner in business with Lilly under the name of Lilly & Hornbrook, was also present at the bank, on that occasion. According to Hornbrook's testimony, Blankenship asked Lilly for a loan of money to meet some pressing need. Lilly agreed to make that loan and asked Hornbrook if the money for the loan could be advanced out of the funds of Lilly & Hornbrook. Hornbrook

agreed that the money could be taken from the partnership account, and thereupon the cashier of the bank drew a draft payable to the order of P. L. Blankenship for $4,202.00 as per order of 3/24/22, Cg. Lilly & Hornbrook, which check or draft, endorsed by Blankenship, was thereupon by the cashier charged to the account of Lilly & Hornbrook, and Blankenship's account credited with that amount. Hornbrook says that afterwards Lilly replaced the money in the firm in a settlement between the partners. Hornbrook said he had no interest in that loan whatever, but the money was simply advanced from the partnership account to the credit of Blankenship, and that the loan was made by Lilly to Blankenship, and he (Hornbrook) had no interest whatever therein.

It is argued that because Hornbrook was a son in law of Lilly and was his partner in business, and that because the check or draft was made in consummation of the loan, as above detailed, he is a party interested in the result of the litigation, and his evidence was therefore inadmissible under section 23, chapter 130, Code. A mere statement of the evidence of Hornbrook and his connection with Lilly shows that he had no interest in the result of the litigation. He was not concerned in the loan to Blankenship, nor its repayment to Lilly. The fact that he permitted Lilly to use the firm's money to make the loan for which he, Lilly, alone was responsible for repayment to the firm, would not make Hornbrook a party in interest, and it clearly appears that Lilly had accounted to the firm for the money loaned by him to Blankenship. The fact that he was a son in law and closely associated with Lilly in business would not make his evidence inadmissible; it would only be a circumstance to be considered by the jury in weighing the credibility and weight of his evidence. We are clearly of the opinion that Hornbrook's evidence was admissible, and that the lower court committed no error in permitting it to go to the jury. We perceive no interest that Hornbrook had in the litigation, except possibly the commendable interest in hoping that his father in law's loan was repaid. To exclude a witness because of interest, under the statute, that interest is tested by common law, and it must be a present, certain and vested interest; not uncer-

tain, remote or contingent. *Woodrum* v. *Price*, 104 W. Va. 382. We perceive no interest that Hornbrook had in the litigation, either present, certain, remote or contingent.

Defendant in error has cross-assigned error in the introduction of evidence, and giving and refusing instructions with relation to the $6,000 claim which arose out of the written contract. He made proper exception to the introduction of testimony and saves his points on the record; but when the jury returned its verdict he made no motion to set aside the verdict because of the errors now complained of. However, he relies upon rule 10 of this Court for consideration of his cross-errors. However, it will not be necessary or proper to consider the cross-assignments of error, because at the bar of the Court defendant in error's counsel waived these cross-assignments; stating that he would be satisfied with judgment already obtained. Therefore, finding no error in the judgment, it will be affirmed.

*Affirmed.*