# CHARLESTON.

HERBERT STANSBURY *v.* G. W. BRIGHT *et al.*

(No. 6561)

Submitted November 12, 1930.   Decided November 18, 1930.

*Carl C. Sanders* and *Clarence W. Meadows,* for appellant.
*Dillon, Mahan & Holt,* for appellees.

WOODS, JUDGE:

The principal object of this suit, so far as the present appeal is concerned, was to require the Bank of Mount Hope to account to plaintiff and the C. M. Lilly estate for certain usury alleged to have been charged on a loan to plaintiff and C. M. Lilly in the sum of $15,000.00, as evidenced by their joint promissory note; and for the face value of a $15,000.00 note of Williams-Combs Coal Company, as maker. This latter note, which was secured by a deed of trust, was placed with defendant bank as collateral. The plaintiff contended that the collateral note, now considered worthless, was on date of maturity collectible, and that defendant bank should be liable for its non-action in regard thereto. The bank defends on the ground that C. M. Lilly, who was admittedly the agent of plain-

tiff in securing and renewing the loan from time to time, had requested it not to attempt to enforce collection of said collateral. It also denied that it had at any time demanded or accepted more than six per cent. interest. The court found for the bank on both issues of fact, and we are bound by that finding. *Linger* v. *Watson,* 108 W. Va. 180; *Davis* v. *Davis Trust Co.,* 107 W. Va. 141; *Kincaid* v. *Evans,* 106 W. Va. 605; *McBee* v. *Deusenberry,* 99 W. Va. 176.

Plaintiff insists that the evidence of the vice-president and the cashier of defendant bank to the effect that C. M. Lilly had requested that no attempt be made to collect the collateral in question was improper, C. M. Lilly having died before the bringing of this suit. Section 23, chapter 130, Code, does not disqualify an agent from testifying as to communications between such witness and a person at the time of such examination deceased, in an action by his principal against the estate of said deceased party. *Brown* v. *Click,* 59 W. Va. 172. This applies to agents of a corporation. *Smith* v. *U. S. F. & G. Co.,* 109 W. Va. 280, 153 S. E. 584. Also, Note, 21 A. L. R. 936. So, should this cause be construed as seeking to hold the administrator of decedent's estate, the evidence of the cashier, who is an agent of the bank, and who, under the circumstances of this particular case, is not shown to be a stockholder, or interested otherwise than as an agent, was proper. *Lyon's Ex'r. et al.* v. *Logan County Bank's Assignee,* 25 Ky. L. Rep. 1668, 78 S. W. 454. As secretary of the board of directors, he was conversant with all matters concerning the loan, as well as the collateral. The evidence of the cashier alone, together with that of the plaintiff, was sufficient to sustain the findings of the trial chancellor. So, we deem it unnecessary to discuss the right of the vice-president, who is admittedly a stockholder, and therefore interested in the outcome of the suit, to testify as to Lilly's instructions regarding the collateral. Such a right to testify would seem to turn on Lilly's interest in the outcome of the particular suit.

The decree is affirmed.

*Affirmed.*