## Crawford, Appellant, v. Taylor, Executor.

Argued March 27, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and LINN, JJ.

*Septer W. Douglas,* with him *Charles M. Johnston,* for appellant.

*Hermann L. Grote* and *Frederick C. Grote,* for appellee, were not heard.

PER CURIAM, April 23, 1934:

Plaintiff appeals from refusal of new trial and entry of judgment upon verdict for defendant in an action of assumpsit to recover attorney's fees. Plaintiff is a member of the bar of Allegheny County and claims to have rendered legal services for Anna Katherine Loudermilk in regard to her interest as residuary legatee under the will of Charles E. Breitweiser, deceased. The statement of claim originally filed averred an express oral contract with Miss Loudermilk to pay plaintiff $2,500 for services in connection with settlement of the Breitweiser Estate, of which sum only $100 was paid, and claimed the balance of $2,400 together with interest from October 20, 1920. The affidavit of defense alleged plaintiff's employment as attorney was upon a contingent basis, which contingency failed. Plaintiff then amended his statement of claim, making demand for payment on the basis of a quantum meruit, and denying his contract contemplated a contingent fee. The case was tried three times. The first trial resulted in a verdict for plaintiff in the amount of $1,000; in the second trial the jury disagreed, and upon the last trial a verdict was rendered for defendant.

At the third trial, counsel for plaintiff attempted to stand upon the theory of an express contract and intro-

duced testimony to that effect, but the court correctly stated, in charging the jury, that the pleadings indicated the claim was for the reasonable value of the services, and the case must be considered on that basis alone. The trial judge, however, also charged that, if the jury believed plaintiff's employment was under an agreement by which he was to be paid a fee of $2,500 if he accelerated possession of the remainder estate, as contended by defendant, their verdict must be for defendant, since it was admitted plaintiff's services had not brought the estate to Miss Loudermilk any sooner than if he had not been engaged on her behalf.

The case was patiently and carefully heard by the court below, and the issues were submitted to the jury in a painstaking charge which was both comprehensive and impartial. Appellant has offered no sufficient reason for the award of another trial and the motion to that effect was properly refused.

Judgment affirmed.