WILLIAMS ET AL., APPELLEES, *v.* SAFECO INS. CO. OF AMERICA, APPELLANT.

(No. 72-717—Decided June 20, 1973.)

238

*Mr. Richard C. Curry, Mr. Louis A. Ginocchio* and *Mr. William L. Leonard,* for appellees.

*Messrs. McIntosh, McIntosh & Knabe* and *Mr. Robert G. McIntosh,* for appellant.

CELEBREZZE, J. The Court of Appeals based its judgment solely upon what it determined to be violations of R. C. 2317.03. The pertinent parts of that statute follow:

"A *party* shall not testify when the adverse party is * * * an executor or administrator, or claims or defends as heir, grantee, assignee, devisee, or legatee of a deceased person * * *.

"* * *

"* * * When a case is plainly within the reason and spirit of this section * * * though not within the strict letter, their principles shall be applied." (Emphasis added.)

Initially, we agree with the Court of Appeals that there is no merit in any of the other arguments raised. The determining issue is whether the prohibition of R. C. 2317.03 shall apply.

The rule concerning the competency of testimony of interested survivors is of ancient vintage. It survives from the general prohibition, in the early common law, of interested witnesses' testimony. But the argument for this prohibition has been exploded by most writers on the subject.* Apparently, when the general prohibition was subsequently removed the legislatures intended to protect the estates of decedents.

While it is our belief that any change or removal of the Ohio statute must be accomplished by the General Assembly, it has been, and continues to be, our practice to strictly limit the application of R. C. 2317.03.

In the early case of *Myres* v. *Walker's Admr.* (1859), 9 Ohio St. 558, the court allowed the assignor of an interest to testify in an action concerning that interest, where he was not a party.

In *Shaub* v. *Smith* (1893), 50 Ohio St. 648, 35 N. E. 503, the syllabus of the case holds: "An agent of a vendor who makes a sale of goods for his principal, is not rendered incompetent to testify as a witness to the circumstances of the transaction because of the decease of the vendee."

―――――

*The New York Commissioners on Practice and Pleadings (1848), as quoted in Morgan, The Law of Evidence (1927), 25, reads:

"The only just enquiry is this; whether the chances of obtaining the truth, are greater from the admission or the exclusion of the witness. Who that has any respect for the society, in which he lives, can doubt, that, upon this principle, the witness should be admitted? The contrary rule implies, that, in the majority of instances, men are so corrupted by their interest, that they will perjure themselves for it, and that besides being corrupt, they will be so adroit, as to deceive courts and juries. This is contrary to all experience. In the great majority of instances the witnesses are honest, however much interested, and in most cases of dishonesty the falsehood of the testimony is detected, and deceives none."

See, also, Morgan, The Law of Evidence (1927), 23 to 35; 2 Wigmore, Evidence (3 Ed., 1940), Section 578; 3 Jones, Evidence (6 Ed., 1972), Sections 20:20 to 20:22; Ray, Dead Man's Statutes (1963), 24 Ohio St. L. J. 89.

And for those of more pessimistic nature, it is wise to remember that one who would perjure himself would not hesitate to suborn perjury.

An excellent history and explication of the statute and the criticisms against liberally construing it is found in *Cockley Milling Co.* v. *Bunn* (1906), 75 Ohio St. 270, 79 N. E. 478. There, the court decided that the statute was in the nature of an exception to the general rule that prefers competency of witnesses. The argument was made that the exception "can have no application to a corporation unless the agent who acts for it is excluded." The court answered:

"* * * This may be true, but in view of the fact that a number of exceptions have from time to time been added to the statute and, in view of the fact that in some states the agents of corporations are in such cases expressly excluded, the contention tends to establish only a *causus improvisus* which is no warrant for judicial legislation." The general manager of the plaintiff corporation was allowed to testify.

See, also, *Powell* v. *Powell* (1908), 78 Ohio St. 331, 85 N. E. 541; *Loney* v. *Walkey* (1921), 102 Ohio St. 18, 130 N. E. 158; *In re Butler* (1940), 137 Ohio St. 96, 28 N. E. 2d 186.

Thoral Schehr was not a party in this cause. The prohibition of R. C. 2317.03 applies to parties, and we feel that in order for a situation to be "plainly within the reason and spirit of this section" the testimony to be prohibited must be that of a party.

For the foregoing reasons, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, W. BROWN and P. BROWN, JJ., concur.