**Katherine L. CROSS, Executrix of the Estate of Miriam Tate, Deceased, Appellee,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.**

No. 88–1120.

United States Court of Appeals, Fourth Circuit.

April 24, 1989.

ORDER OF CERTIFICATION TO THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

This is an appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Because the resolution of the issues presented on appeal requires resolution of questions of law of West Virginia which may be determinative of this case now pending in this court, and as to which it appears to us that there is no controlling precedent in the decisions of the Supreme Court of Appeals of West Virginia, pursuant to West Virginia Code § 51–1A–1, et seq, we request that the following issues presented be decided by

the Supreme Court of Appeals of West Virginia.

### (1) *The Questions of Law to be Answered*

Federal Rule of Evidence 601 requires that the Dead Man's Statute of West Virginia be given effect where applicable in a case such as this in which West Virginia law provides the rule of decision. In view of this, the following questions are of crucial importance in this case and are presented to the Supreme Court of Appeals of West Virginia.

(a) Does West Virginia Code § 57–3–1, commonly referred to as the Dead Man's Statute, have any application in the fact situation present here with respect to the admissibility of evidence?

(b) Does, if applicable, West Virginia Code § 57–3–1 render inadmissible the testimony of agents of State Farm Mutual Automobile Insurance Company concerning certain conversations between such agents and the deceased leading to the alleged waiver of the statutorily mandated uninsured motorist coverage under West Virginia Code § 33–6–31(b)?

### (2) *Statement of all facts relevant to the question certified which show fully the nature of the controversy in which the questions arose.*

On June 26, 1986, Miriam Tate was killed in an automobile accident involving a collision with an uninsured motorist. At the time of her death, Miss Tate was the owner of two separate automobile insurance policies with the defendant State Farm. As applicable here, each policy has a limit of $20,000 uninsured motorist liability for Miss Tate's death, and the parties are in agreement that the coverage of each policy applies so that, according to the terms of the policies, State Farm's maximum coverage is $40,000 on account of Miss Tate's death. The parties are further in agreement that if, under West Virginia law, the uninsured motorist coverage should have been $100,000 per person per policy, that State Farm's maximum coverage would be $200,000 on account of Miss Tate's death.

There is no denial of coverage; the question is how much. Miss Tate's estate claims the coverage is $200,000 and State Farm claims the coverage is $40,000.

At the time Miss Tate procured the insurance policies in question, Miss Tate signed a form called "Acknowledgment of Coverage Selection and Rejection: (W.Va. Uninsured and Underinsured Motorist Coverage)." By the execution of this form Miss Tate elected to purchase uninsured motorist coverage with a $20,000 policy limit, and rejected underinsured motorist coverage. The form recites that she had been offered uninsured motorist coverage up to an amount of $100,000 per person, but the form does not state the cost involved for $100,000 coverage or for any other coverage.

Miss Tate's estate brought this suit against State Farm to ascertain the amount of coverage.

West Virginia Code Section 33–6–31(b) provides that liability coverage for injury by an uninsured motorist shall be offered. During the pendency of this case in the district court, the case of *Bias v. Nationwide Mutual Insurance Company*, 365 S.E.2d 789 (W.Va.1987), was decided in the Supreme Court of Appeals. In *Bias*, in speaking of underinsured liability coverage, which is included in the same statute as uninsured coverage, the Court construed the statute's requirement of an offer of coverage to be mandatory so that the failure to offer results in coverage of $100,-000. The Court held: "The offer must state, in definite, intelligible, and specific terms, the nature of the coverage offered, the coverage limits, and the costs involved." 365 S.E.2d at 791.

On this state of facts and in view of *Bias*, the district court held that the Dead Man's Statute, W.Va.Code § 57–3–1, prevented State Farm from offering evidence which tended to show, through conversations with Miss Tate, that she was offered uninsured coverage in an amount of $100,-000 and that there was disclosed to her the cost thereof.

Because the burden is on State Farm to establish compliance with W.Va.Code § 33–6–31(b) and *Bias,* the district court held that State Farm could not meet its burden of proof without admitting into evidence the above mentioned conversations with Miss Tate, and entered its judgment that State Farm had in effect, at the time of the accident involved, $100,000 coverage for each policy as required by West Virginia law.

(3) Let the clerk forward a copy of this order, under the official seal of this court, to the Supreme Court of Appeals of West Virginia and thereafter forward to the Supreme Court of Appeals of West Virginia such additional papers as that court may require, including, but not exclusively, the record in this case, or any portion thereof, or copies of the same.

With the concurrences of Judge WILKINS and Judge KELLAM.

/s/ H.E. Widener, Jr.
United States Circuit Judge
Presiding
For the Court