UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RAY H. MORGAN, as Beneficiary of
Roy L. Morgan, Deceased,
Plaintiff-Appellant,

v.                                                                              No. 97-2352

ALLIANZ LIFE INSURANCE COMPANY OF
NORTH AMERICA,
Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Charles H. Haden II, Chief District Judge.
(CA-96-1978-5)

Submitted: May 12, 1998

Decided: June 5, 1998

Before ERVIN, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Eric M. Francis, Lewisburg, West Virginia, for Appellant. Mary H.
Sanders, James C. Stebbins, HUDDLESTON, BOLEN, BEATTY,
PORTER & COPEN, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Ray H. Morgan ("Ray") appeals the district court's order granting summary judgment to Allianz Life Insurance Company of America ("Allianz"). Finding no error, we affirm.

Ray is the beneficiary of a group term life insurance policy (the "policy") that was owned by his brother, Roy L. Morgan ("Roy"). Roy, who purchased the policy in 1988, died in August 1993. Ray collected $50,000 from Allianz, the issuer of the policy, but subsequently sued Allianz, claiming that an additional $50,000 was owed under the policy.[1]

Allianz moved for summary judgment, claiming that although the original value of the policy was $100,000, Roy was notified by letter in February 1993 that the group policy coverage was reduced to $50,000. Allianz submitted the affidavit of Larry Williams ("Williams"), president of Citicorp Insurance Services, Inc. ("Citicorp"), the third party administrator of Allianz's insurance policies. In that affidavit, Williams stated, in relevant part, that "I have personal knowledge that in February of 1993, a letter was sent to all members of the [Roy's] group outlining a change in the policy for each individual in the group decreasing the benefits to $50,000.00 beginning April 1, 1993."[2] In addition, Allianz offered into evidence a photocopy of that letter informing Roy of the decrease in benefits.[3]

In opposition to Allianz's motion for summary judgment, Ray argued that Williams's affidavit was barred by West Virginia's "Dead

_____

[1] Ray also sought $500,000 in punitive damages, thus satisfying the amount in controversy requirement of 28 U.S.C. § 1332 (1994).
[2] J.A. at 32.
[3] Id. at 35.

2

Man's Statute"**4** (the "Statute"), which states, in part, that no "party
. . . [or] interested person [who] derives any interest or title [from the
subject of the suit] . . . shall be examined as a witness in regard to any
personal transaction or communication between such witness and a
person [who] at the time of the examination is deceased." The district
court disagreed and considered the Williams affidavit in its decision
to grant summary judgment to Allianz. This appeal followed.

Ray alleges that the district court erred in declining to apply the
Statute to the Williams affidavit. Specifically, Ray argues that the dis-
trict court incorrectly determined that Williams was not an "interested
party" for purposes of the Statute.

To have his testimony barred by the Statute, a witness or affiant
must be an "interested party"; his testimony must relate to a personal
transaction with the decedent; and the testimony must be against the
decedent's personal representative, heir at law, or beneficiary.**5** As this
is an evidentiary matter, we review the district court's decision not to
apply the Statute for abuse of discretion.**6**

Relying on interpretations of the Statute by West Virginia courts,
the district court determined that the third requirement of the statute
was met in that Williams's testimony was against Ray, Roy's benefi-
ciary under the policy.**7** Further, the district court found that Wil-
liams's testimony may have related to a "personal transaction" with
Roy, and thus could satisfy the Statute's second requirement.**8** How-
ever, the district court also determined that, as an agent of Allianz's

_____

**4 See** W. Va. Code § 57-3-1 (1997).

**5 See Cross v. State Farm Mut. Auto. Ins. Co.**, 387 S.E.2d 556, 560 (W.
Va. 1989) (citing Moore v. Goode, 375 S.E.2d 549, 561 (W. Va. 1988)).
J.A. at 96-97.

**6 See General Elec. Co. v. Joiner** , 118 S. Ct. 512, 517 (1997) (decision
to exclude or admit testimony with regard to a motion for summary judg-
ment reviewed for abuse of discretion).

**7** J.A. at 97.

**8 Id.**

third-party administrator, Williams was clearly not an "interested party," and thus did not meet the Statute's first requirement.**9**

The district court noted that, in Cross v. State Farm Mutual Auto Insurance Co., the West Virginia Supreme Court held that an agent for the defendant-insurer was not an interested party for purposes of the Statute, even though he was serving as an agent of an interested party.**10** In addition, the district court found that Cross and other precedents required that the interest of an interested party be "`present, certain, and vested, not remote, uncertain, or contingent,'"**11** and that the demands of the Statute have always been strictly construed.**12**

In light of this well-established interpretation of the Statute, the district court concluded that "Williams's interest is remote indeed"-- so remote as to cause the court to find that "Williams has no interest in the event or outcome of this litigation." **13** The district court therefore declined to apply the Statute. We find no abuse of discretion in that decision.

Based on the demands of West Virginia's interpretation of the Statute that are discussed thoroughly in the district court's memorandum opinion,**14** Williams is clearly not an interested party as has been defined for purposes of the Statute. As an officer of an independent, third-party administrator of an insurance policy, Williams does not have the type of direct interest in the outcome of Ray's suit that the Statute requires. Like the district court, we note that Williams's relation to Allianz is much more remote than that of the insurance agent to the insurance company in Cross, and thus, that it would be incon-

_____

**9 Id.**
**10 Id.** at 98 (citing Cross , 387 S.E.2d at 561). See also Stansbury v. Bright, 156 S.E. 62 (W. Va. 1930) (corporate agent with no proprietary interest in interested corporation not an interested party); Silling v. Erwin, 885 F. Supp. 881, 888 n.5 (S.D.W. Va. 1995) (official of bank that is a party to suit not an interested party).

**11** J.A. at 97 (quoting Cross , 387 S.E.2d at 561).
**12 See id.** at 96.
**13 Id.** at 98.
**14 See id.** at 94-98.

4

sistent for us to find that Williams was an interested party when the Cross court found that the agent in that case was not.

Williams made clear in his affidavit that he was merely the president of the third-party administrator of Roy's life insurance policy. In a subsequent affidavit, Williams stressed that Citicorp "has no financial interest whatsoever in the determination of what the limits are of the group term life insurance policy issued to Roy L. Morgan nor the outcome of the above-captioned case," and that"Allianz Life Insurance Company . . . is an entirely separate company from [Citicorp] and is not a [Citicorp] affiliate."[15] Thus, we find no evidence that the district court's decision was "flawed by erroneous factual or legal premises."[16] We therefore find that the district court was operating within the bounds of its discretion in reaching its decision not to apply the Statute to Williams's affidavit.

Ray also makes two further arguments that we find are without merit. First, Ray alleges that the district court denied him the opportunity to "cross-examine" Williams regarding the affidavit in question. Ray contends that, in the event that we do not find the Statute excludes Williams's affidavit, we should find that the denial of this opportunity has given rise to a genuine issue of material fact--i.e. whether Williams was indeed not an "interested party."

Second, Ray contends that Allianz did not offer sufficient evidence to support the presumption that Roy received the reduction in benefits letter. Specifically, Ray argues that Williams's statement, contained in his original affidavit, that the letter had been"sent" did not mean it had been mailed.

With regard to the first of these allegations, we find that Ray's Memorandum in Opposition of Summary Judgment[17] made no call for the opportunity to cross-examine Williams by way of deposition.[18]

_____

**15** **Id.** at 89.
**16** **See James v. Jacobson**, 6 F.3d 233, 239 (4th Cir. 1993).
**17** **See** J.A. at 59-70.
**18** Ray did, however, ask for "ample opportunity for discovery and investigation" in the event that Allianz submitted evidence in addition to the Williams affidavit. See id. at 66, n.5.

5

Ray's desire to cross-examine Williams about his company's relationship to Allianz was never before the district court when it considered Allianz's motion for summary judgment and has only been raised in this appeal. Because this issue is raised for the first time in this appeal, we decline to consider it.[19] In addition, we note that "[a] court is not obliged to deny an otherwise persuasive motion for summary judgment `on the basis of a vague supposition that something might turn up at the trial.'"[20]

Further, Ray did not raise the issue of the semantic difference between "sent" and "mailed" in the district court. As a result, we also decline to consider that issue for the first time on appeal.

Based on the foregoing, we affirm the district court's order granting summary judgment to Allianz. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

_____

[19] **See Karpel v. Inova Health Sys. Servs.**, 134 F.3d 1222, 1227 (4th Cir. 1998).
[20] **Soar v. National Football League Players Ass'n**, 550 F.2d 1287, 1289 n.4 (1st Cir. 1977) (quoting Lundeen v. Cordner, 354 F.2d 401, 408 (8th Cir. 1966)).